## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ROBIN RICHARDS,**
                              **Plaintiff,**

**-vs-**                                                    **Case No.  6:06-cv-1717-Orl-19DAB**

**HOME SYSTEMS, INC., d/b/a Roll-A-Way**
**Storm and Security Shutters,**
**JANET JACKSON,**
                              **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**      **PLAINTIFF, ROBIN RICHARDS', MOTION FOR**
> **ENTRY OF FINAL DEFAULT JUDGMENT AGAINST**
> **DEFENDANTS, HOME SYSTEMS, INC. AND JANET**
> **JACKSON (Doc. No. 22)**
>
> **FILED:**      **January 29, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On November 6, 2006, Plaintiff sued Defendants for unpaid overtime wages and other relief,

as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et*

*seq.,* herein "the FLSA").  Doc. No. 1.  Following service of process (Doc. Nos. 15, 19), Defendants

failed to appear and Plaintiff moved for entry of a clerk's default (Doc. Nos. 16, 20).  Defaults were

entered on December 28, 2006 and January 19, 2007. (Doc. Nos. 17, 21).  Plaintiff now moves for a

default judgment for wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. No. 22-1 to 22-4); the matter is now ripe for resolution.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint.  Plaintiff was employed by Defendant Home Systems, Inc. d/b/a Roll-A-Way Storm and Security Shutters and Defendant Janet Jackson (a statutory employer under the FLSA and one with operational control) as a secretary from April 2006 to June 2006.  Doc. No. 22-2 ¶ 4.  During her employment, Plaintiff's regular rate of pay was $35,000 per year for forty hours of work per week.  *Id.* ¶ 5.  Plaintiff worked an average of fifty-five hours per week for sixteen weeks of employment.  *Id.* ¶ 6.  Defendants willfully failed to pay Plaintiff for overtime of $6,060 for 15 overtime[1] hours per week for 16 weeks. *Id.* ¶ 6.  Defendants have defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for overtime wages in the amount of $6,060 and liquidated damages of an equal amount, for a total of $12,120.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").  As the mandatory

---

[1]Plaintiff calculates her overtime rate to be $25.25 per hour based on an hourly straight wage of $16.83, which is her annual salary of $35,000 divided into weekly 52 increments and divided by 40 hours per week.  Doc. No. 22-2 ¶ 6.

language of the Act says "in addition to any judgment", it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery.  This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover $3,780 for attorney's fees and $470 for costs.  Plaintiff's counsel avers that she spent 16.80 hours of time prosecuting this matter, at an hourly rate of $225.00 per hour. Doc. No. 22-4.  Counsel has presented an itemized list of the services provide by her firm, and the time spent by her appears reasonable for the tasks completed.  *Id.*  The Court finds $225.00 per hour to be a reasonable rate for attorney work in this FLSA case.  "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against Defendants Home Systems, Inc. d/b/a Roll-A-Way Storm and Security Shutters and Defendant Janet Jackson, jointly and severally, in the amount of **$12,120** in damages, **$3,780** in attorney's fees, and **$470** in costs (filing fee and service of process charge).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 30, 2007.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy